# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LUIS DIAZ**, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 440 |
| | ) | |
| **LAW OFFICE OF MICHAEL C.** | ) | |
| **ROBERTS, P.C.**, | ) | |
| | ) | |
| Appellee. | ) | |

## <u>MEMORANDUM ORDER</u>

Although this action was filed on January 22, 2014, pro se appellant Luis Diaz ("Diaz")

has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery to

this Court's chambers, within one business day after filing, of a paper copy of the pleadings and

other documents required for consideration of the appeal.[1]  To underscore the importance of that

requirement to the case management procedures followed by this Court, the first paragraph in its

website repeats the requirement, adding that a delivery to this Court's chambers on the date of

filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily

allowed a grace period -- at least a few working days, sometimes longer[2] -- before the issuance

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by litigants), both this Court's secretary and its courtroom deputy maintain lists of all such deliveries to this Court's chambers.  Although that recordkeeping is intended to be error-free, if Diaz were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

[2] That variance stems from obtaining the Clerk's Office printouts reflecting new case filings only sporadically, rather than on a regular (say weekly) basis.

of this type of memorandum order. In this instance that added time has elapsed without compliance by appellant Diaz, and this Court hereby orders:

1. that the missing copy of the appellate documents be delivered to this Court's chambers forthwith and

2. that such delivery be accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of the LR 5.2(f) violation, a requirement foreshadowed by the opening provision in this Court's website.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 6, 2014