# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LUIS DIAZ**, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 14 C 440 |
| | ) |
| **LAW OFFICE OF MICHAEL C.** | ) |
| **ROBERTS, P.C.**, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

Bankruptcy appeals, like appeals in Social Security disability cases, differ from most District Court cases in an important respect: Their records come to the court fully developed, while the records of the vast majority of civil cases are generated at the District Court level after having been initiated by a complaint filed there. But those appeals share with all other civil cases the expectation that it is the lawyers and not the District Judge who are required to bring the case to the Judge's attention. Thus this District Court's LR 5.2(f) requires counsel in other civil cases to deliver a Judge's Copy of the complaint to the Court's chambers within two days after filing.

There is one respect in which bankruptcy appeals differ from Social Security appeals: When this Court, being unaware of newly filed cases where LR 5.2(f) has not been complied with, periodically prints out a list of recently filed cases assigned to its calendar, Social Security cases are recognizable by the identity of the appellee (currently Acting Commissioner of Social Security Carolyn Colvin), while by contrast nothing in the case name of a bankruptcy appeal differentiates it from any other civil case. Consequently this Court's first awareness of this case

through such a printout, coupled with its nonreceipt of a complaint since the filing of the case (one that this Court simply assumed to be an ordinary civil case) two weeks earlier, triggered the issuance of the attached memorandum order ("Order") directing compliance with LR 5.2(f). Pro se appellant Luis Diaz ("Diaz") has been totally silent for nearly three weeks since issuance of the Order. instead leaving it to this Court to look further and learn that the case is a bankruptcy appeal rather than, as it had thought, the usual civil case.

But for the fact that Diaz is a nonlawyer acting pro se, his failure either to comply with the procedure required of a bankruptcy appellant or to respond to the Order might call for dismissal of the appeal for want of prosecution. Under the circumstances, however, this Court sets a status hearing for 8:45 a.m. March 10, 2014, at which time Diaz and appellee's counsel at the Bankruptcy Court level are required to appear (any failure of Diaz to appear at that time will indeed call for dismissal of the appeal).

Milton I. Shadur
Senior United States District Judge

Date: February 24, 2014

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LUIS DIAZ, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 14 C 440 |
| | ) |
| LAW OFFICE OF MICHAEL C. | ) |
| ROBERTS, P.C., | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM ORDER**

Although this action was filed on January 22, 2014, pro se appellant Luis Diaz ("Diaz") has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery to this Court's chambers, within one business day after filing, of a paper copy of the pleadings and other documents required for consideration of the appeal.[1] To underscore the importance of that requirement to the case management procedures followed by this Court, the first paragraph in its website repeats the requirement, adding that a delivery to this Court's chambers on the date of filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily allowed a grace period -- at least a few working days, sometimes longer[2] -- before the issuance

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by litigants), both this Court's secretary and its courtroom deputy maintain lists of all such deliveries to this Court's chambers. Although that recordkeeping is intended to be error-free, if Diaz were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

[2] That variance stems from obtaining the Clerk's Office printouts reflecting new case filings only sporadically, rather than on a regular (say weekly) basis.

of this type of memorandum order. In this instance that added time has elapsed without compliance by appellant Diaz, and this Court hereby orders:

1. that the missing copy of the appellate documents be delivered to this Court's chambers forthwith and

2. that such delivery be accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of the LR 5.2(f) violation, a requirement foreshadowed by the opening provision in this Court's website.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 6, 2014